# EXHIBIT "A"

# STATE COURT COMPLAINT

Filing # 136687285 E-Filed 10/15/2021 09:46:54 PM

IN THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT,
IN AND FOR OKALOOSA COUNTY, FLORIDA

JOHN P DUBEL III, and )  CASE NO.: 2021 CA 003299 C
KELLY L DUBEL )  DIV:
    Plaintiffs, )
)
v. )
) **JURY TRIAL DEMANDED**
NAVY FEDERAL CREDIT UNION, )
TRANS UNION, LLC, )
EXPERIAN INFORMATION SOLUTIONS, )
INC., and )
EQUIFAX INFORMATION SERVICES, LLC )
    Defendants. )

## COMPLAINT

COMES NOW, Plaintiffs, JOHN P DUBEL III and KELLY L DUBEL, (hereinafter "Plaintiffs"), by and through undersigned counsel, and sues Defendants, and in support thereof would state:

### I. JURISDICTION AND VENUE

1. This is an action for damages that exceeds $30,000.00, exclusive of interest, costs, and attorney's fees.

2. This court has jurisdiction over any violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.*, ("FCCPA") and the 15 U.S.C. §§ 1681 *et seq.* (Federal Fair Credit Reporting Act or "FCRA").

3. Venue is proper because the events and transactions underlying the basis for this action occurred in Okaloosa County, Florida.

### II. PARTIES

4. Plaintiffs are each a natural person and a resident of Okaloosa, Florida.

14. Experian, Trans Union, and Equifax disburse such consumer reports to third parties under contract for monetary compensation.

15. Plaintiffs supplied specific information to each of the consumer reporting agencies that the delinquencies being reported were inaccurate.

16. Since October 16, 2019, Plaintiffs have disputed the accuracy of the Trade Lines for the Account to NFCU, Experian, Equifax and Trans Union.

17. The Account reporting was inaccurate. The Plaintiffs did not open the Account.

18. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate Account.

19. Upon information and belief, Plaintiffs allege that on one or more occasions Experian, Trans Union, and Equifax forwarded Plaintiffs' disputes to NFCU. Upon information and belief, NFCU was provided notice of Plaintiffs' disputes and despite this note, failed and refused to investigate and correct its inaccurate reporting.

20. Experian, Trans Union, and Equifax each received Plaintiffs' disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, Experian, Trans Union, and Equifax merely "parroted" the information dictated to it by NFCU.

21. Experian, Trans Union, and Equifax prepared and published to third parties multiple inaccurate consumer reports about Plaintiff's that reflected the derogatory Account.

22. On October 16, 2019, Defendant NFCU sent Plaintiff JOHN P DUBEL III a communication (Exhibit A; "Collection Letter") asserting and claiming the payoff amount of $42,088.64 on the Account.

32. On October 4, 2021, NFCU sent its response to the LOR (Exhibit C; "Response") asserting that "We investigated your claim. The account information provided to the credit reporting agencies is accurate and the debt is a valid debt owed to Navy Federal."

33. Despite having been told for years that the Account is not a valid one, Defendants continued to report the Trade Line inaccurately.

34. As a result of NFCU's illegal conduct, Plaintiffs have incurred actual damages and statutory damages to be determined at trial.

35. All conditions precedent to this action have occurred or have been waived.

36. Plaintiffs has retained the services of the undersigned attorneys and is required to pay a reasonable fee for their services.

## IV.   CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF FCCPA, Fla. Stat. § 559.72(9)
### JOHN P DUBEL III AGAINST NAVY FEDERAL CREDIT UNION

Plaintiff JOHN P DUBEL III realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

37. The FCCPA, Fla. Stat. § 559.72(9) makes it unlawful for any person[1] to:

Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

---

[1] "Florida courts have recognized that the FCCPA applies not only to debt collectors but also to any "person." *See Schauer v. Gen. Motors Acceptance Corp.*, 819 So.2d 809, 812 (Fla. 4th DCA 2002); *see also* § 559.72 (providing that "[i]n collecting consumer debts, no person shall ..."). This provision "includes all allegedly unlawful attempts at collecting consumer claims." *Schauer*, 819 So.2d at 812. Thus, the Fourth District determined that GMAC, the creditor, qualified as a person under the FCCPA and reversed the dismissal of the count against GMAC. *Id.* In doing so, the Schauer court noted that "[t]he Florida Act is different than its federal counterpart because it is not limited to debt collectors." Id. at 812 n. 1."" *Gann v. BAC Home Loans Servicing, LP*, 145 So.3d 906, 910 (Fla. 2nd DCA 2014).

(c) enjoining the Defendant from further violations of the FCCPA pursuant to Fla. Stat. § 559.77(2);
(d) award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to Fla. Stat. § 559.77(2);
(e) prejudgment interest; and
(f) all other relief which this Court deems just and proper.

## COUNT II – VIOLATION OF FCCPA, Fla. Stat. § 559.72(9)
## KELLY L DUBEL AGAINST NAVY FEDERAL CREDIT UNION

Plaintiff KELLY L DUBEL realleges those allegations contained within paragraphs 1-36, 37, and 42 above and incorporates them herein by this reference.

44. NFCU has violated the FCCPA, Fla. Stat. § 559.72(9) by claiming, attempting, and threatening to enforce the Debt by causing the Response to be sent to Plaintiff KELLY L DUBEL when NFCU knew that the Debt was not legitimate, knew Plaintiffs did not sign a promissory note and were not obligated to pay the Debt.

45. NFCU has violated the FCCPA, Fla. Stat. § 559.72(9) by asserting the legal right to payment for the Debt when NFCU knew that right did not exist.

46. NFCU has violated the FCCPA, Fla. Stat. § 559.72(9) by claiming the Debt when it knew that the Debt was not legitimate.

47. Plaintiff KELLY L DUBEL has suffered actual damages as a result of the illegal collection activities of NFCU in the form of attorney fees, time lost, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**WHEREFORE**, Plaintiff KELLY L DUBEL respectfully requests that this Court enter judgment against Defendant NFCU in Plaintiff's favor as follows:

(a) award Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);
(b) award Plaintiff additional statutory damages of $1,000 for violation of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

52. JOHN P DUBEL III has a private right of action to assert claims against NFCU arising under 15 U.S.C. § 1681s-2(b).

53. Plaintiff JOHN P DUBEL III has suffered actual damages as a result of the illegal collection activities of NFCU in the form of attorney fees, an adverse credit rating, time lost, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**WHEREFORE**, Plaintiff JOHN P DUBEL III respectfully requests that this Court enter judgment against Defendant NFCU in Plaintiff's favor as follows:

(a) award Plaintiff actual damages, pursuant to award Plaintiff actual damages, pursuant to 15 U.S.C. § 1681o;
(b) award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to award Plaintiff actual damages, pursuant to 15 U.S.C. § 1681o;
(c) prejudgment interest; and
(d) all other relief which this Court deems just and proper.

## COUNT IV – WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## JOHN P DUBEL III AGAINST NAVY FEDERAL CREDIT UNION

Plaintiff JOHN P DUBEL III realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

54. On one or more occasions within the past two years, after being informed by Plaintiff JOHN P DUBEL III, Experian, Equifax and Trans Union of his disputes of the reporting, existence, and validity of the Trade Line for the Account, NFCU willfully failed to conduct a proper investigation of the dispute as required by 15 U.S.C. § 1681s-2(b).

55. On one or more occasions within the past two years, NFCU willfully failed to review all relevant information available to it and provided by Experian, Trans Union, and Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s- 2(b), and willfully failed to direct Experian, Trans Union, and Equifax to remove the Trade Line.

9

60. On one or more occasions within the past two years, after being informed by Plaintiff KELLY L DUBEL, Experian, Equifax and Trans Union of her disputes of the reporting, existence, and validity of the Trade Line for the Account, NFCU negligently failed to conduct a proper investigation of the dispute as required by 15 U.S.C. § 1681s-2(b).

61. On one or more occasions within the past two years, NFCU negligently failed to review all relevant information available to it and provided by Experian, Trans Union, and Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s- 2(b), and failed to direct Experian, Trans Union, and Equifax to remove the Trade Line.

62. The Trade Line is inaccurate and creating a misleading impression on KELLY L DUBEL's consumer credit file with Experian, Trans Union, and Equifax to which it is reporting such trade line.

63. As a direct and proximate cause of NFCU's negligent failure to perform its duties under the FCRA, KELLY L DUBEL has suffered damages, mental anguish, suffering, humiliation, and NFCU is liable to KELLY L DUBEL by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

64. KELLY L DUBEL has a private right of action to assert claims against NFCU arising under 15 U.S.C. § 1681s-2(b).

65. Plaintiff KELLY L DUBEL has suffered actual damages as a result of the illegal collection activities of NFCU in the form of attorney fees, an adverse credit rating, time lost, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

be determined by the trier fact together with reasonable attorney's fees pursuant to 15 U.S.C. § 1681n.

70. KELLY L DUBEL has a private right of action to assert claims against NFCU arising under 15 U.S.C. § 1681s-2(b).

71. Plaintiff KELLY L DUBEL has suffered actual damages as a result of the illegal collection activities of NFCU in the form of attorney fees, an adverse credit rating, time lost, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**WHEREFORE**, Plaintiff KELLY L DUBEL respectfully requests that this Court enter judgment against Defendant NFCU in Plaintiff's favor as follows:

(a) award Plaintiff actual damages, pursuant to award Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n;
(b) award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to award Plaintiff actual damages, pursuant to 15 U.S.C. § 1681n;
(c) prejudgment interest; and
(d) all other relief which this Court deems just and proper.

## COUNT VII – NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## KELLY L DUBEL AGAINST EXPERIAN, EQUIFAX, AND TRANSUNION

Plaintiff KELLY L DUBEL realleges those allegations contained within paragraphs 1-36 above and incorporates them herein by this reference.

72. Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from each of the Plaintiffs' credit files.

73. Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiffs.

13

(a) award Plaintiff actual damages, pursuant to award Plaintiff actual damages, pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1681n;
(b) award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to award Plaintiff actual damages, pursuant to 15 U.S.C. § 1681o and 15 U.S.C. § 1681n;
(c) prejudgment interest; and
(d) all other relief which this Court deems just and proper.

<u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted October 15, 2021 by:

**THOELE|DRACH**

BY: _____
**Justin Seth Drach, Esq.**
Florida Bar No. 103016
Email: justin@thoeledrach.com
**Amanda Marie Thoele, Esq.**
Florida Bar No. 75118
Email: amanda@thoeledrach.com
7545 Centurion Parkway, Suite 303
Jacksonville, FL 32256
Telephone: (904) 600-4384
Facsimile: (904) 306-1355
*Attorneys for Plaintiffs*

# THOELE | DRACH

### Attorneys & Counselors at Law

Justin Seth Drach, Esq., MBA
justin@thoeledrach.com

7545 Centurion Parkway, Suite 303
Jacksonville, Florida 32256

Amanda Marie Thoele, Esq.
amanda@thoeledrach.com

(904) 600-4384
(904) 306-1355 (facsimile)

September 15, 2021

Navy Federal Credit Union
P.O. BOX 3700
Merrifield, Virginia 22119-3000
Tel: (888) 842-6328
Fax: (703) 206-3724
Email: nffg@navyfederal.org

Via U.S. Certified Mail, U.S. First Class Mail, Fax, and Email

RE: Representation of Kelly L. Dubel and John P. Dubel
    Loan # ███████0963

Navy Federal Credit Union:

    Please be advised that our firm has been retained by Kelly L. Dubel and John P. Dubel concerning Loan # ███████0963.

    Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b), my client disputes the alleged debt, requests verification of the alleged debt through the production of account statements, assignment documents, the contract, and a full accounting of the alleged account.

    You created Loan # ███████0963 without my clients' authorization. It appears that without my clients' authorization, you commenced a refinance on a 2010 Cadillac VIN# 1G6DM5EV2A0114027 (Loan # ███████8089) and a 2007 Jeep VIN # 1J8HG48P97C611590. You are currently reporting the account as charged off, having a balance of $42,088, an amount past due of $42,088, and a charge off amount of $50,399. My clients have previously sent to you correspondence disputing the accuracy of this account and hereby advise that the inaccurate tradeline must be removed from their credit reports immediately. Your asserting of a debt that does not exist, and reporting it inaccurately to the three credit bureaus has resulted in John P. Dubel receiving a Statement of Reasons which is a preliminary notice of security clearance denial, necessitating him hiring a security clearance attorney to protect his clearance and ultimately his employment.

**EXHIBIT B**



**NAVY FEDERAL Credit Union**

10/4/2021

+ 0582275 000000606 09NV20 00930739
KELLY DUBEL
C/O THOELE, DRACH ATTORNEYS AT LAW
7545 CENTURION PKWY STE 303
JACKSONVILLE FL 32256-4119

Dear KELLY,

We investigated your claim. The account information provided to the credit reporting agencies is accurate and the debt is a valid debt owed to Navy Federal. If you wish to pursue this matter further, you can submit your dispute directly to the credit reporting agencies.

Navy Federal must follow federal guidelines in reporting accurate and complete information to the credit reporting agencies. If the information being reported is accurate, it cannot be changed or removed.

If you think you're a victim of identity theft or if you have any questions, please call us toll-free at 1-888-842-6328. You may also send us a secure message using digital banking.*

*Message and data rates may apply. Visit navyfederal.org for more information.

Federally insured by NCUA.
© 2020 Navy Federal NFCU 39042 (8-20)

P.O. Box 3000, Merrifield, VA 22119-3000

**EXHIBIT C**